NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
GABE PODESTA (Cal. Bar. No. 324011)
Assistant United States Attorneys
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2429
     Facsimile: (213) 894-0141
     E-mail:    gabriel.podesta@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-00145-JAK-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT QUANG CAO |
| v. | Hearing Date: November 7, 2019 |
| QUANG CAO, | Hearing Time: 10:00 a.m. |
| Defendant. | Location:     Courtroom of the Hon. John A. Kronstadt |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Gabe Podesta, hereby files its Sentencing Position for Defendant QUANG CAO.

//

//

//

//

This position is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report, and such further evidence and argument as the Court may permit.

Dated: October 24, 2019              Respectfully submitted,

                                     NICOLA T. HANNA
                                     United States Attorney

                                     BRANDON D. FOX
                                     Assistant United States Attorney
                                     Chief, Criminal Division


                                          /s/
                                     ────────────────────────
                                     GABE PODESTA
                                     Assistant United States Attorneys

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant QUANG CAO ("defendant") knowingly used fraudulent passports to impersonate foreign nationals in a concerted effort to secure their entry into the United States. He stands convicted of one count of use of a false passport, in violation of 18 U.S.C. § 1543.

The United States Probation and Pretrial Services Office ("USPO") has filed its Presentence Investigation Report ("PSR"), determining a total offense level of eight and placing defendant in Criminal History Category I. The government agrees with the PSR's offense level and criminal history calculations. With respect to imprisonment, the United States Sentencing Guidelines ("U.S.S.G.") provide an advisory range of a zero to six month term. The USPO's recommended sentence consists of two years of probation, which includes a condition that defendant perform 150 hours of community service, and the $100 special assessment.

Based on the record as a whole and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends that the Court not impose a term of imprisonment and instead sentence defendant to three years' probation, with the terms and conditions recommended by the USPO, which includes 150 hours of community service, and a mandatory special assessment of $100.

**II.   STATEMENT OF FACTS**

   **A.   Defendant's Offense Conduct**

In October 2015, defendant joined a network of English speakers paid to impersonate foreign nationals who sought to enter the United States on student visas. (PSR, Dkt. No. 149, ¶ 23; see also Plea

Agreement, Dkt. No. 126, ¶ 9.)  The foreign nationals paid brokers who in turn arranged for English speakers like defendant to impersonate the foreign nationals in taking the Test of English as a Foreign Language ("TOEFL") exam.  (PSR ¶¶ 21-22; Plea Agreement, ¶ 9.)  Defendant himself impersonated a foreign national at least four times and profited $400 each time.  (PSR ¶¶ 23-28, 26; Plea Agreement ¶ 9.)

Because of defendant's conduct, foreign nationals were admitted to colleges or universities in the United States.  (Plea Agreement ¶ 9.)  Because of defendant's conduct, foreign nationals fraudulently entered and remained in the United States on fraudulently obtained student visas.  (Id.)

**B.    The PSR, Guidelines Calculation, and Recommendation**

The USPO determined that defendant's base offense level is eight under U.S.S.G. § 2L2.2(a).  (PSR ¶ 37.)  Because defendant used a fraudulent foreign passport, a two-level increase applies under U.S.S.G. § 2L2.2(b)(3)(B).  (Id. ¶ 38.)  The parties also agreed to this U.S.S.G. calculation in the Plea Agreement.  (Plea Agreement ¶ 11.)  The government and the USPO recommend a two-level reduction for defendant's acceptance of responsibility under U.S.S.G. § 3E1.1(a), which makes the total offense level eight.  (PSR ¶¶ 47-50.)

The USPO further calculated that defendant has zero criminal history points,[1] which places him in Criminal History Category I.  (Id. ¶ 50.)  Based on a total offense level of eight and Criminal

---

[1] The PSR indicates that prior to his arrest on this instant indictment, defendant had no prior law enforcement contacts. (Id. ¶¶ 47-50.)

2

History Category I, the USPO calculated defendant's advisory Guidelines range of imprisonment as zero to six months. (Id. ¶ 85.) The advisory guidelines term of probation is one to five years as the total offense level is six or greater, under U.S.S.G. § 5B1.2(a)(1). (Id. ¶ 90.) The advisory guidelines call for a fine of $2,000 to $20,000, under U.S.S.G. § 5E1.2(c)(3). (Id. ¶ 94.)

The government agrees with the USPO's calculations as set forth in the PSR. The USPO determined that defendant lacks the ability to pay a fine. (Id. ¶¶ 82-83.) The government defers to the USPO with respect to its determination regarding defendant's ability to pay a fine.

The USPO recommended that the Court impose a sentence of two years' probation with conditions including that defendant complete 150 hours of community service and a $100 special assessment. (Dkt. 148.) The government concurs with the USPO's recommendation, except that the government recommends a sentence of three years' probation, rather than two.

**III. ARGUMENT**

The government respectfully recommends that the Court impose a sentence of three years' probation with conditions including 150 hours of community service and a special assessment of $100.

Defendant has no criminal history and his commission of this felony offense appears as an aberration in his otherwise law-abiding life. The PSR documents challenges defendant faced as an immigrant to the United States. (Id. ¶¶ 55-59.) In a written statement to the USPO, defendant states that he "compromised [his] ethical identity for the sake of money, and it caused emotional turmoil and suffering for all parties involved, including my family who have worked hard"

3

to provide for and support him. (Id. ¶ 33.) Prior to being indicted, defendant completed his degree from University of California Los Angeles and began working as a remote medical scribe, charting physician-patient encounters, for a firm in San Francisco, California. (Id. ¶¶ 63-64.) After he was indicted, defendant enrolled in medical school at Oakland University Beaumont School of Medicine. (Id. ¶¶ 65, 70.) This evidence in extenuation and mitigation suggests that defendant can be a productive and contributing member of society without the imposition of a custodial sentence as a specific deterrent or to protect the public. See 18 U.S.C. § 3553(a)(2)(B),(C).

Defendant's sentence must nonetheless reflect the seriousness of the offense, promote respect for the law, and provide just punishment. Id. § 3553(a)(2)(A). Here, defendant may have seen his participation in this criminal scheme as merely a means to alleviate the financial pressure he faced as an undergraduate student, but the implications of his actions were far-reaching and serious. As set forth in the factual basis of his plea agreement, defendant's conduct permitted foreign nationals to fraudulently enter and remain in the United States. (Plea Agreement ¶ 9.) As a result, the nation's immigration laws and regulations were circumvented and people who may otherwise not have been qualified to enter the United States were permitted entry. Moreover, defendant's conduct provided an unfair advantage to applicants with the means to pay brokers and thereby skewed the admissions process to the detriment of applicants who relied on honest effort. Defendant's actions, while substantially smaller in scale and culpability than the brokers involved in the scheme, nonetheless helped fuel perception of some members of the

4

public that the admission process is fundamentally unfair – a perception that defendant himself appeared to harbor and used to justify his actions. (See PSR ¶ 34 ("[Defendant] stated that he saw these [young, affluent Chinese national students] getting away with things, and he perceived test cheating as just the way the system was rigged for those with connections and money.").)

To reflect the seriousness of defendant's actions, promote respect for the law and deter others, and provide just punishment, the government respectfully recommends that defendant be sentenced to a term of probation for three years with the condition that he complete 150 hours of community service.[2] The USPO recommends that defendant's term of probation be limited to two years. (Dkt No. 148 at 1.) The government submits that a three-year term is warranted as the mid-point of the applicable advisory guideline range of one to five years. See U.S.S.G. § 5B1.2(a)(1). Defendant's crime and its consequences were serious and a longer term of probation will better ensure that his behavior here is an aberration in his young life. The specific conditions of probation recommended by the USPO are not

---

[2] The government concurs with the terms and conditions recommended by the USPO in its recommendation to the Court. (Dkt. No. 140 at 1-2.) The government specifically highlights the condition that defendant be ordered to perform community service only to reflect the government's recommendation that 150 hours be the minimum amount of community service he must perform. The USPO has concluded that defendant has no immediate ability to pay a fine. (PSR ¶ 82.) To ensure a just punishment, and avoid unwarranted sentencing disparities between defendant and his co-defendants, the government respectfully requests that defendant be ordered to perform a greater number of hours of community service in that event that no fine is imposed. See U.S.S.G. § 5E1.2(e) ("[T]he court shall consider alternative sanctions in lieu of all or a portion of the fine, and must still impose a total combined sanction that is punitive. Although any additional sanction not proscribed by the guidelines is permissible, community service is the generally preferable alternative in such instances.").

onerous and the resources necessary to adequately supervise defendant will be minimal.[3] For those reasons, the government submits that a three-year term of probation is just punishment for defendant.

**IV.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court impose a sentence of: (1) three years' probation under the conditions identified by the USPO, including 150 hours of community service; and (2) a mandatory special assessment of $100.

---

[3] Defendant admitted occasional recreational marijuana use and a single experimental use of ecstasy. (PSR ¶ 69.) Seemingly as a result of these admissions, the USPO recommends that defendant submit to drug testing as a condition of probation. (Dkt. No. 148 at 1.) The government defers to the USPO's recommendation in this regard and notes that a requirement for periodic drug testing further supports the government's request for additional supervision to better ensure that defendant's drug use not escalate.

6